UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLIE FLOYD,

    Plaintiff,

v.

UNKNOWN SURETY, et al.,

    Defendants.
_____/

Case No. 2:23-cv-49

HON. JANE M. BECKERING

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Sherri Newcomb and Unknown Grondin, who are the remaining Defendants in this case, filed a motion for summary judgment, arguing that Plaintiff had not properly exhausted certain retaliation claims against them. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objections and issues this Opinion and Order.

    The Magistrate Judge determined that Plaintiff filed and exhausted only one relevant grievance, a grievance asserting that Defendant Newcomb conducted a retaliatory cell search on December 4, 2022 (R&R, ECF No. 32 at PageID.157, 166–167). The Magistrate Judge determined that Plaintiff "never named" Defendant Grondin in a grievance (*id.* at PageID.168). The

Magistrate Judge recommends that this Court grant Defendants' motion for summary judgment and dismiss Defendant Grondin and all claims against Defendant Newcomb except for the claims arising out the December 4, 2022 search of Plaintiff's prison cell (*id.* at PageID.170).

In his objection, Plaintiff argues that Defendant Grondin should not be dismissed from this case (Pl. Obj., ECF No. 34 at PageID.175). According to Plaintiff, Defendant Grondin "thwarted" and "intimidated" him from taking advantage of the grievance process by placing him in segregation (*id.* at PageID.174–175). Citing the Supreme Court's decision in *Ross v. Blakes*, 587 U.S. 632, 644 (2016), Plaintiff opines that "this rendered the administrative grievance process unavailable for Plaintiff" (*id.* at PageID.175). Plaintiff's objection is properly denied.

In the Report and Recommendation, the Magistrate Judge thoroughly recounted Plaintiff's allegations of threats and intimidation by Grondin, including that Defendant Grondin purportedly told Plaintiff that Plaintiff would be placed in segregation unless he agreed to "not grieve her or her staff anymore." *See* R&R, ECF No. 32 at PageID.158, quoting 4/17/2023 Op, ECF No. 8 at PageID.45–46, quoting Compl., ECF No. 1 at PageID.7. And the Magistrate Judge expressly considered Plaintiff's argument that the grievance process was unavailable to him because of Defendant Grondin's actions. *See* R&R, ECF No. 32 at PageID.167. Relying on the Sixth Circuit's decision in *Lamb v. Kendrick*, 52 F.4th 286, 292–93 (6th Cir. 2022), the Magistrate Judge concluded that Plaintiff was nonetheless obligated to make "some effort" to comply with the administrative procedures before arguing that his administrative remedies were unavailable and that the record revealed no evidence of any such efforts by Plaintiff (*id.* at PageID.167–168).

While Plaintiff argues that the Supreme Court's decision in *Ross* compels a different conclusion, the Sixth Circuit's decision in *Lamb* is not at odds with *Ross* but arose from the Sixth Circuit's application of *Ross*. *See* 52 F.4th at 292–93. The Magistrate Judge properly applied this

Circuit's case law. *See Lamb*, 52 F.4th at 293 ("Even if an inmate has evidence to show that an administrative procedure was unavailable, he is not automatically absolved from the PLRA's exhaustion requirement because this Circuit requires inmates to make 'affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'") (citation omitted).  Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 34) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 32) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 23) is GRANTED for the reasons stated in the Report and Recommendation, and Defendant Grondin is TERMINATED from this case.

Dated:  August 20, 2024               /s/ Jane M. Beckering
                                      JANE M. BECKERING
                                      United States District Judge