UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLIE FLOYD,

    Plaintiff,

v.

UNKNOWN SURETY, et al.,

    Defendants.
_____/

Case No. 2:23-cv-49

HON. JANE M. BECKERING

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Only the First Amendment-retaliation and state-law claims against Defendant Corrections Officer (CO) Sheri Newcomb remain in this case. Both Plaintiff and Defendant Newcomb filed motions for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending this Court deny Plaintiff's motion and grant Defendant Newcomb's motion and dismiss this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendant Newcomb filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    The Magistrate Judge concluded that Plaintiff's motion for summary judgment, which was based on his unsubstantiated claim that CO Newcomb destroyed certain video evidence, should be denied because even if Plaintiff could demonstrate spoliation, he would not be entitled to summary

judgment (R&R, ECF No. 56 at PageID.388).  Specifically, the Magistrate Judge determined that even accepting Plaintiff's allegations as true, Defendant Newcomb is entitled to summary judgment on his remaining retaliation claim where Plaintiff "cannot establish any of the elements necessary to support a First Amendment retaliation claim" (*id.*).

In his objections, Plaintiff first asserts that the Magistrate Judge misconstrued his spoliation argument (Pl. Obj., ECF No. 58 at PageID.404).  According to Plaintiff, he did not expressly allege that Defendant Newcomb destroyed the relevant video footage, only that there was "no chance" of the video being saved from destruction (*id.* at PageID.404–405).  Plaintiff's "objection" is properly denied inasmuch as his clarification does not compel a different result.  In resolving Plaintiff's motion, the Magistrate Judge assumed the truth of Plaintiff's version of events.

Second, Plaintiff takes issue with the Magistrate Judge's focus on the incident of December 4, 2022 as the basis for his retaliation claim (*id.* at PageID.405).  According to Plaintiff, "Defendant Newcomb's retaliations started when Plaintiff wrote an affidavit for another prisoner" (*id.*).  This objection is also properly denied.  As Defendant Newcomb points out in response, Plaintiff did not identify during his deposition any protected conduct before December 4, 2022 (Resp., ECF No. 60 at PageID.421, citing Pl. Dep., ECF No. 47-3 at PageID.237).  In short, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 58) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 56) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 44) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Sheri Newcomb's Motion for Summary Judgment (ECF No. 50) is GRANTED, and Plaintiff's retaliation claim is DISMISSED, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims against her.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  April 30, 2025                              /s/ Jane M. Beckering
                                                                                  JANE M. BECKERING
                                                                                  United States District Judge